UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DENNIS E. MENTZOS, II,

Plaintiff,

v.

RICK HARRY, ANITA SCHLANK, DEBBIE JAMES and DEBORAH KONIESKA,

Defendants.

---

Civil File No. 02-384 (MJD/AJB)

ORDER

Plaintiff, a patient in the Minnesota Sex Offender Program, who is currently being detained in Moose Lake, Minnesota, has filed a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff did not tender the requisite filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2), which is now before the Court.

Based on the information provided in Plaintiff's IFP application form, the Court finds that he is eligible for IFP status. His IFP application will be GRANTED, and he will be excused from paying the filing fee prescribed by 28 U.S.C. § 1914(a).

Because IFP status is granted, Plaintiff is entitled to have the Defendants served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). However, Marshal service cannot be accomplished at this time, because Plaintiff has failed to submit an adequately supported request for such service. To cure this deficiency, Plaintiff must submit one properly completed Form USM-285, together with an extra copy of the complaint, for each Defendant to be served. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on

FEB 19 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

[defendants]"), cert. denied, 510 U.S. 875 (1993). If Plaintiff does not satisfy this requirement by March 8, 2002, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b). If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the U.S. Marshal. However, the Marshall will be required to serve only those Defendants for whom Plaintiff has submitted a properly completed Marshal service form (USM-285), and an extra copy of the complaint. (Form USM-285 will be provided by the Clerk's office upon request.)

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is GRANTED;

2. On or before March 8, 2002, Plaintiff shall file one completed Form USM-285 and one extra copy of the complaint for each Defendant to be served, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b); and

3. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued and the U.S. Marshal shall effect service of process on those Defendants for whom Plaintiff has submitted a properly completed Marshal service form and an extra copy of the complaint.

Dated: February 19th, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge