**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Dennis E. Mentzos, Civil No. 02-384 MJD/AJB

Plaintiff,

v. **ORDER ON MOTIONS**

Debbie James,

Defendant

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion for temporary restraining order [Docket No. 18], motion for temporary injunction [Docket No. 19], and motion to reply to answer {Docket No. 21]. Plaintiff is a civilly committed sex offender whose complaint alleges violation of civil rights under 42 U.S.C. §1983. In his initial complaint the plaintiff alleged violations of his constitutional rights by four employees with the Minnesota Sex Offender Program at Moose Lake, Minnesota. By Order of the District Court dated February 13, 2002,[1] on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12, all claims against all defendants were dismissed with prejudice, with the sole exception of a claim against defendant Deborah James which was based upon a particularly described incidents involving the destruction of a piece of plaintiff's outgoing mail on January 2, 2002, as well as withholding of one piece of incoming mail on December 28, 2001.

**Temporary Restraining Order and Temporary Injunction.** The presently

[1] Order adopting the Magistrate Judge's Report and Recommendation dated January 3, 2003. [Docket No. 16].

MAY 16 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

pending motions for temporary restraining order and for temporary injunction are essentially identical and seek relief based upon a "Complaint" which states that the plaintiff is seeking equitable injunctive relief during the pendency of his action. The injunction complaint contains allegations relating to individuals who have been dismissed from this case as well as allegations involving remaining defendant Deborah James.

The claims asserted in the injunction motion pleadings are similar in nature to claims alleged in the initial complaint in that they relate to alleged interference with plaintiff's mail and telephone communications. However, plaintiff seems to have ignored that fact that the underlying complaint upon which injunctive relief could be justified has been dismissed entirely, save a claim against defendant Deborah James which relates to a discrete set of circumstances. The Court has determined that as a consequence of his custody status, plaintiff Dennis Mentzos is not entitled to the relief requested in the complaint, and in essence again requested on motions for equitable relief. Efforts to recast the claims in the context of motions for injunctive relief are unavailing.

**Motion to Reply to Answer.** Plaintiff herein requests that the Court order him to reply to the answer by defendant Deborah James to allow him the opportunity to respond to misleading, ingenious and untruthful assertions in the answer. Plaintiff further suggests that he should be allowed to respond to perceived motions contained in the answer. Pursuant to Fed. R. Civ. P. 7(a) a reply is a required pleading only when the answer contains an denominated counterclaim and otherwise shall be allowed only upon court order. In this instance there is no justification for ordering a reply. The answer does not include any counterclaim and the motions

to which plaintiff refers are merely defenses[2] which are properly addressed by dispositive motion. The Court finds that no purpose will be served by ordering plaintiff to file a reply in this matter.

Based upon the foregoing discussion, **IT IS HEREBY ORDERED** that:

1. Plaintiff Dennis Mentzos, II's Motion for Temporary Restraining Order is **denied** [Docket No. 18];

2. Plaintiff's Motion for Temporary Injunction is **denied** [Docket No. 19]; and

3. Plaintiff's Motion to Reply to Answer is **denied** [Docket No. 21].

Dated: May 16, 2003

ARTHUR J. BOYLAN
United States Magistrate Judge

[2] Defendant Debbie James' answer contains affirmative defenses including failure to state a claim upon which relief can be granted (Paragraph No. 8), and failure to exhaust administrative remedies (Paragraph No. 9) [Docket No. 17].